UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

    - v. -

SHAWN DEMETRO,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**INFORMATION**

06 Cr.

**06CRIM.  68**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

JUDGE KARAS

## COUNT ONE

(Conspiracy To Commit Mail Fraud)

The United States Attorney charges:

1.  From at least in or about 2001, up through and including in or about January 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, SHAWN DEMETRO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1341.

2.  It was a part and an object of the conspiracy that SHAWN DEMETRO, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, willfully, and knowingly would and did place

in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did take and receive therefrom, such matters and things, and would and did cause to be delivered by mail according to the direction thereon, and at the place it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, DEMETRO and others participated in a scheme to submit false automobile insurance claims to insurance companies by mail, in violation of Title 18, United States Code, Section 1341.

**Overt Act**

3.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed:

a.  In or about 2002, in Brooklyn, New York, SHAWN DEMETRO, the defendant, mailed a claim to an automobile insurance company.

(Title 18, United States Code, Section 1349.)

**COUNT TWO**

(Mail Fraud)

The United States Attorney further charges:

4.  From at least in or about 2001, up through and including in or about January 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, SHAWN

DEMETRO, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, willfully, and knowingly did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did take and receive therefrom, such matters and things, and did cause to be delivered by mail according to the direction thereon, and at the place it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, DEMETRO and others mailed false automobile insurance claims to insurance companies which fraudulently induced the insurance companies to pay these false claims.

(Title 18, United States Code, Sections 1341 and 2.)

### COUNT THREE

(Conspiracy To Collect Extensions Of
Credit By Extortionate Means)

The United States Attorney further charges:

5.   From at least in or about 2002, up through and including in or about January 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, SHAWN DEMETRO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and

agreed together and with each other to participate in the use of extortionate means to collect an extension of credit, as these terms are defined in Title 18, United States Code, Section 891, and to punish persons for the nonrepayment thereof, to wit, DEMETRO and others agreed to use extortionate means in order to collect extensions of credit in excess of approximately $83,500 from more than twenty debtors.

(Title 18, United States Code, Section 894.)

### COUNT FOUR

(Use of Extortionate Means
To Collect Extensions Of Credit)

The United States Attorney further charges:

6.  From at least in or about 2002, up through and including in or about January 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, SHAWN DEMETRO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did participate in the use of extortionate means to collect and attempt to collect an extension of credit, as those terms are defined in Title 18, United States Code, Section 891, and to punish persons for the nonrepayment thereof, to wit, DEMETRO and others used extortionate means in order to collect and attempt to collect extensions of credit in excess of approximately $83,500 from more than twenty debtors.

(Title 18, United States Code, Sections 894 and 2.)

**FORFEITURE ALLEGATION**

7. As a result of committing one or more of the offenses of: (i) conspiring to commit mail fraud, in violation of 18 U.S.C. § 1349, alleged in Count One of this Information; (ii) mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, alleged in Count Two of this Information; (iii) conspiring to use extortionate means to collect an extension of credit, in violation of 18 U.S.C. § 894, alleged in Count Three of this Information; and (iv) using extortionate means to collect an extension of credit, in violation of 18 U.S.C. §§ 894 and 2, alleged in Count Four of this Information, the defendant SHAWN DEMETRO shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to:

a. A sum of money equal to $100,000 in United States currency, representing the proceeds obtained as a result of the fraud and loansharking offenses charged in this Information, for which the defendant and his co-conspirators are jointly and severally liable.

Substitute Asset Provision

b. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461, and Title 18, United States Code, Sections 1349, 1341, and 894.)

_____
MICHAEL J. GARCIA
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SHAWN DEMETRO,

Defendant.

**INFORMATION**

06 Cr. _____ (KMK)

(18 U.S.C. §§ 1349, 1341, 894, and 2.)

MICHAEL J. GARCIA
United States Attorney.